## Case No. 4,415.

ELM CITY CO. v. WOOSTER.

[6 Fish. Pat. Cas. 452;[1] 4 O. G. 83.]

Circuit Court, S. D. New York. July, 1873.

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

E. W. Stoughton and C. B. Stoughton, for complainant.

C. A. Seward and F. H. Betts, for defendant.

WOODRUFF, Circuit Judge. The testimony in this case is very greatly conflicting, or very much of it is not entitled to credit, either because, in my opinion, the witnesses exaggerate their asserted achievements, erroneously state the time, or describe inventions which did not in fact embrace the patented invention, or refer to crude or imperfect endeavors to imitate the magic ruffle, which appears to have been popular at the time when, according to the evidence, many were seeking to compete with those engaged in its manufacture.

After a laborious examination of the evidence my conclusions are:

First. The patentees were the first inventors of the plaiting attachment mentioned in the patent described in the bill of complaint, and on which the suit is founded.

Second. The defendant has infringed the rights of the complainant, as assignee of the said patent, as alleged in the bill of complaint, by the use of a plaiting attachment embracing the said patent invention.

Third. The said patent is not void on the ground that there was any fraudulent misrepresentation in the specification annexed to the patent. No such fraudulent misrepresentation is proved. Nor is the patent void upon the ground that the invention was not the joint invention of the patentees. The testimony proves such joint invention most clearly and distinctly.

There was no such sale of the patented machine or apparatus two years before the application for a patent as renders the patent void. An agreement for the transfer of the invention for the joint benefit of the inventors and those who will advance money for the manufacture or use of the machines invented, not carried into execution, and unaccompanied by any public use of the machine, but being prospective in its character, not consummated until within the said two years, does not, in my opinion, affect the validity of the patent.

Fourth. I find no ground upon which to hold that a corporation created by the law of a state without the limits of this federal judicial district, may not maintain a suit here for an infringement of their rights committed here.

These conclusions necessarily require a decree in favor of the complainant, according to the prayer of the bill.

It is obvious that the defendant has introduced testimony which was not admissible as a defense, relating to the knowledge and use of the invention by persons not named in the answer, to some or all of which objection was made by the complainant on the taking of testimony. I have not, however, regarded the objection in my consideration, because the briefs submitted do not involve a motion to strike out such testimony, and my conclusions are therefore founded on all the proofs.

Let a decree be entered for the complainant, awarding the relief prayed for.