WILSON v. ANSONIA BRASS & COPPER CO.

(Circuit Court of Appeals, Second Circuit. February 7, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—LAMP BURNERS.

Letters patent No. 316,422, granted April 21, 1885, to George H. Wilson for a lamp burner, in which the alleged novelty consisted in the arrangement and number of the teeth in the wick carrier, which were located at the top and bottom edges of the carrier, holding the wick so that it could be raised equally on all sides, are void for want of invention, in view of the prior state of the art. 48 Fed. Rep. 681, reversed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Equity. Suit by George H. Wilson against the Ansonia Brass & Copper Company for infringement of a patent. There was a decree in favor of complainant, sustaining his patent, and declaring defendant's device an infringement, (48 Fed. Rep. 681,) from which defendant appeals. Reversed.

Edwin H. Brown, for appellant.

R. H. Shannon, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The complainant claims under a patent to himself, No. 316,422, dated April 21, 1885, for a lamp burner. Its two claims are:

"(1) In a lamp burner, a wick-adjusting tube or carrier, provided with teeth projecting inwardly from the top and bottom edges thereof, substantially as described. (2) In a lamp burner, a wick-adjusting tube or carrier, I, having one or more slots, P, and provided with inwardly projecting teeth at the top and bottom, in combination with an air tube provided with one or more air inlets, G, whereby the wick is drawn upward with the carrier in the usual way, and downward positively past the air inlet or inlets, substantially as set forth."

Air inlets were old, and it was old to cut a slot in the wick raiser so as to enable it to play over the air inlets. The alleged novelty of complainant's device is wholly in the arrangement of the teeth,—the number of them and their location at the top and bottom edges of the raiser, "holding the wick so that it can be raised equally on all sides." The specification states that "wick carriers having inwardly projecting teeth at two points between the extremities" were old. The evidence as to the prior state of the art shows teeth—at the upper end, (Moeller's patent;) at the lower edge, (Morse's patent)—extending a considerable distance downward from the upper end, (Bailey & Thayer's patent;) near the upper end, and near the lower end, with an intermediate row, (Carton's patent;) near the upper end, and near the lower end, (Brokke's patent.) Sometimes these teeth projected inwardly; sometimes outwardly. It also shows wicks sewn into holes near the bottom of the wick raiser, (Reistle's patent,) which is the method used by defendant for his lower fastening. It may be that no one prior to complainant used two rows of teeth for this purpose, located, one exactly at the top, the other exactly at the bottom;

but in the condition of the art it was no invention to thus aggregate the single rows which had been used before. Dunbar v. Myers, 94 U. S. 187; Holland v. Shipley, 127 U. S. 398, 8 Sup. Ct. Rep. 1089; Schlicht & Field Co. v. Sherwood Letter-File Co., 36 Fed. Rep. 591. The decree of the circuit court is reversed, and cause remanded, with instructions to dismiss the bill.