### MacKNIGHT v. McNIECE.

#### (Circuit Court, S. D. New York. October 4, 1894.)

1. PATENTS—BILL FOR INFRINGEMENT—DEFENSES.

It is no defense to a bill for infringement that defendant did not designedly order an infringement, but left his superintendent to make the article according to his own judgment.

2. SAME—WITNESSES TO PRIOR INVENTION AND USE—WHEN TO BE NAMED IN ANSWER.

Rev. St. § 4920, only requires that the answer shall name the persons who are claimed to have previously invented, or had knowledge of, the thing patented, and does not make it necessary to give the names of the witnesses who are to testify to such prior invention or use.

3. SAME—INVENTION—ARTIFICIAL PAVEMENTS.

In making artificial stone pavements, the turning down of two layers of the material, instead of one, to form a curb, does not involve invention. Neither does making an obtuse angle, instead of a right angle, at the meeting point of the pavement and curb, nor the making of a forwardly projecting bead or molding to serve as a guard to protect the curbing and arris from the impact of wheels when backed against the curb.

4. SAME—INVENTION AND PRIOR USE—ARTIFICIAL PAVEMENTS.

The MacKnight patent, No. 373,295, for improvements in artificial pavements, *held* void as to the first claim, because of prior use, and as to the second claim, for want of invention.

5. SAME—INVENTION.

The MacKnight patent, No. 387,308, for improvements in artificial pavements, *held* void as to claims 2, 3, and 4, for want of invention.

This was a suit by John W. MacKnight against James McNiece for infringement of patents for artificial pavements.

Frank V. Briesen, for complainant.
John H. V. Arnold, for defendant.

TOWNSEND, District Judge. This is a bill in equity for the infringement of claims Nos. 1 and 2 of letters patent No. 373,295, dated November 15, 1887, and of claims 2, 3, and 4 of letters patent No. 387,308, dated August 7, 1888; both said patents being for improvements in artificial pavements, and the complainant being the patentee. The defenses are noninfringement, want of invention, and anticipation.

Infringement of both patents is proved by the testimony of one Steinman, who testified that, while foreman for the defendant, he, acting under instructions from defendant, laid pavements which, according to his description, were of such character as to be covered by said claims of said patents. His testimony is supported by that of the expert Du Faur. No testimony or evidence in contradiction of these statements has been offered, and the infringe-

ment must be taken as proved. Even if the defendant, as claimed by his counsel, had left the superintendent to make the pavement according to his own judgment, and had not designedly ordered an infringment, this would not be a defense in this action, although such facts might avail in an action for a penalty. Taylor v. Gilman, 24 Fed. 632.

The first claim of patent No. 373,295 is for "a pavement consisting of a series of layers, of which the upper layer is curved downward at the curb." In the second claim "the two uppermost layers are curved downward at an obtuse angle at the curb, and overlap the lowermost layers." In patent No. 387,308, the second claim is for "a combination of an artificial pavement with a composite curbing, d', having a bead, e, that projects forward beyond the line of the curbing." This bead is also designated in the specification as a "projection" or "nose," and is once spoken of in the evidence as a "molding." Its purpose is to serve as a guard against the impact of wheels of vehicles when backed up against the curb, and thus save the curbing proper and the arris from being injured. The third claim is for "a combination of an artificial pavement, having an upper layer, d, with a composite curbing, d', joined to the upper layer at an obtuse angle, and provided with a forwardly projecting bead, e, and with the groove, $e^2$." The essence of the improvement in these three claims is the addition of this bead or projection.

Plaintiff objected to the testimony, generally, of defendant's witnesses as to anticipation, on the ground that they were not named in the answer. Defendant claimed that they were called to show, not any prior invention, but simply the state of the art, and thereby that the alleged invention of the complainant was really no invention at all; citing Machine Co. v. Keith, 101 U. S. 479. And the defendant claims also that, if it was necessary to name such witnesses in his answer, "complainant should have given notice that upon the final hearing he would move to strike from the record the testimony of these witnesses, so that the defendant might have moved for an amendment of his answer by the inserting of their names." Defendant cites no authority for this latter position. Judge Woodruff, in Elm City Co. v. Wooster, 6 Fish. Pat. Cas. 452, 4 O. G. 83, Fed. Cas. No. 4,415, allowed such evidence to stand, on the ground that complainant's brief did not contain a motion to strike out, but decided the case in favor of complainant on the whole testimony. Machine Co. v. Keith, 101 U. S. 479, holds that "an objection to the examination of a witness should state specifically the ground of the objection, in order that the opposite party may have the opportunity of removing it if possible," and adds that if this had been done in that case the defendant might have postponed the examination, and moved to amend his answer. It makes no reference to any requirement of notice of a motion to strike out. Complainant's brief mentions the fact that the witnesses are not named in defendant's answer, and says that such witnesses, or their principals, must invariably be named in the answer, in order to apprise the complainant of the contemplated de-

fense.   Otherwise, the objection is not insisted upon in complainant's brief, and the testimony of the witnesses is carefully discussed therein.   But the provisions of section 4920, Rev. St., only require notice of the names and residences of the persons alleged to have invented, or to have had the prior knowledge of, the thing patented, and where and by whom it had been used.   It does not require the names of the witnesses who are to testify to such prior invention or use.   Machine Co. v. Keith, supra.

The testimony of Gough was objected to by complainant, and is too indefinite and uncertain to prove prior use.   The testimony of Schmidt was objected to, but he testifies to prior use by Graham & Son at Madison avenue and Seventy-Sixth street in 1886, and there was no specific objection to the testimony as to their use.   The testimony of J. H. Dryer was objected to, but his testimony shows prior use in Central park in 1870 by the department of public parks, to which there was no specific objection; also, prior use by one Philips, of New York, at Helmboldt's block, Long Branch, state of New Jersey, in 1872, to which there was no specific objection. The firm of Becker & Downs is named in the answer, with a statement that the first names of the partners were unknown to defendant.   Alexander R. Becker, one of the firm, testifies to prior use by A. T. Meyer in 1884, at the Hoffman Arms, Madison avenue and Fifty-Ninth street, New York City.   He does not testify to any prior use by the firm of Becker & Downs, although he does to prior use by himself.   This A. T. Meyer, however, was named in the answer, which makes his testimony admissible.   Julius Hopke testified to the same effect, and both Becker and Hopke stated that complainant was superintendent of the work for A. T. Meyer at that time.   Hopke also testified to prior use at Long Branch in 1871, at the Helmboldt block, and there is no specific objection made to this testimony.   Asher T. Meyer is named in the answer, and his son, Louis G., testified to use by him at 23 East Seventy-Fourth street, at Fifty-Ninth street and Madison avenue, and at Fifty-Fifth street and Broadway, all in the summer of 1884, and that complainant assisted upon one of them.   No contradiction whatever of this testimony is offered, and I must accept these facts as proved.

The prior use testified to was mainly the making of the upper layer of the pavement and the curb in one piece.   If the construction testified to by the witnesses differs from the first claim of patent No. 373,295, it would seem that complainant, who superintended the laying of some of the pavements, might have explained the difference by testimony.   I find that the first claim is void by reason of prior use.

The second claim of patent No. 373,295 merely makes two layers, instead of one, turn down to form a curb, and provides for an obtuse angle where the curb and pavement meet.   The second, third, and fourth claims of patent No. 387,308 add only a bead or projection, a groove below the bead, and in the third claim include the obtuse angle, and, in the fourth, a series of layers.   Turning down two layers, instead of one, does not involve invention.   Neither

does making an obtuse angle, instead of a right angle, at the meeting point of the pavement and curb, nor the making of a forwardly projecting bead. Complainant has introduced no evidence whatever to show that his pavement was more useful by reason of the alleged inventions, nor has defendant introduced any testimony on this point. Defendant's counsel, on the hearing, accounted for the deficiencies in their evidence by stating that defendant had disappeared, and could not be found. If the above claims include any advance beyond the prior art, it consists merely in an improvement in degree or finish by the use of ordinary skill in the extended application of well-known processes or devices, and cannot be held to involve invention. Walk. Pat. § 25 et seq.; Trimmer Co. v. Stevens, 137 U. S. 423, 11 Sup. Ct. 150; Mill Co. v. Walker, 138 U. S. 124, 11 Sup. Ct. 292; Johnson Co. v. Pacific Rolling-Mills Co., 2 C. C. A. 506, 51 Fed. 762; Wilson v. Copper Co., 4 C. C. A. 484, 54 Fed. 495; Westinghouse v. Electric Light Co., 63 Fed. 588. Let the bill be dismissed.